IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 APR 24  P 1: 38

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

|  |  |  |
|---|---|---|
| MARQUIS NEAL *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO.  JKB-11-3707 |
| RESIDENTIAL CREDIT SOLUTIONS, INC., | * | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This lawsuit was filed in the Circuit Court for Baltimore County, Maryland, by Marquis and Xanthe Neal against Residential Credit Solutions, Inc. ("RCS"), who was the loan servicer on their home mortgage. (Compl., ECF No. 2.) The Neals alleged RCS used unfair and deceptive practices in leading them into a wrongful foreclosure. (*Id.* ¶ 1.) RCS removed the case to federal court (ECF No. 1) and filed an answer and counterclaim (ECF No. 8). In the counterclaim for breach of contract based on the Neals' alleged failure to repay their promissory note, RCS alleged it "is the current loan servicer of the [promissory note], and is also authorized by the Note's owner to be the holder of the Note for collection purposes." (*Id.* ¶ 8.)

Pending before the Court is Plaintiffs' motion to dismiss RCS's counterclaim for failure to state a claim. (ECF No. 14.) RCS has sought leave of court to late-file its opposition to the motion. (ECF No. 17.) This request is unopposed by Plaintiffs and will be granted.[1] The motion to dismiss will be denied without prejudice to the future filing of a motion challenging this Court's subject-matter jurisdiction over RCS's counterclaim.

---

[1] RCS is cautioned, however, not to expect similar treatment in the future.

## I. *Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 1950. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555.

## II. *Analysis*

The Neals contend that RCS does not have standing to sue them to collect the debt due under the promissory note. They argue RCS was assigned the right to service the loan and that the assignment designated RCS to collect and keep track of the Neals' payments but RCS did not become the secured party, i.e., the party to whom the debt was owed, who was and is the Federal National Mortgage Association ("Fannie Mae"). (Pls.' Mot. Dismiss Supp. Mem. 4.) Thus, Plaintiffs assert, RCS had no power to file an action at law or a foreclosure action either on its own behalf or on behalf of Fannie Mae. Consequently, without the right to pursue legal action on the debt, RCS has no standing to maintain a counterclaim against the Neals for failure to pay the debt.

Plaintiffs' standing challenge is a challenge to the Court's subject-matter jurisdiction. The burden of proving subject-matter jurisdiction is on the party asserting the claim. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting challenge may be either facial, i.e., pleading fails to allege facts upon which subject-matter jurisdiction can be based, or factual, i.e., jurisdictional allegations of pleading are not true). *See also Kerns v. United States*, 585 F.3d

187, 192 (4th Cir. 2009) (same); *Richmond, Fredericksburg & Potomac Ry. Co.*, 945 F.2d 765, 768 (1991) (same). Although Plaintiffs have sought dismissal under Rule 12(b)(6) for failure to state a claim for relief, the motion is properly brought under Rule 12(b)(1) and will be so considered under that provision. In the case of a factual challenge to subject-matter jurisdiction, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

RCS is correct that, as far as its pleading is concerned, it has adequately alleged subject-matter jurisdiction by pleading facts consistent with its right to sue the Neals for collection on the promissory note. Consequently, to the extent Plaintiffs' argument can be considered a facial challenge to jurisdiction, it is without merit. However, Plaintiffs' argument is, in effect, a factual challenge and is based upon certain documents that were attached to their motion. Since the documents are not authenticated by way of affidavit, they may not be considered as evidence before the Court. *See* Fed. R. Civ. P. 43(c). But subject-matter jurisdiction may be contested at any stage of the proceedings, and Plaintiffs are free to refile their motion with properly authenticated evidence. Should they do so, RCS must rebut with admissible evidence since RCS has the burden of proof on subject-matter jurisdiction of its counterclaim.

Accordingly, it is hereby ORDERED: Defendant's motion to late-file its opposition (ECF No. 17) to Plaintiffs' motion is GRANTED, and Plaintiffs' motion to dismiss (ECF No. 14) is DENIED WITHOUT PREJUDICE.

DATED this __24__ day of April, 2012.

BY THE COURT:

James K. Bredar
United States District Judge