IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MARQUIS NEAL** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-11-3707 |
| **RESID'L CREDIT SOLUTIONS, INC.**, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' motion to reopen the case following its administrative closure pursuant to the automatic stay under the bankruptcy laws. (ECF No. 39.) Plaintiffs have cited persuasive authority for the proposition that the automatic stay affects only Defendant's counterclaim and not Plaintiffs' suit against Defendant. *See, e.g.*, *Crosby v. Monroe Cnty., Ala.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) (automatic stay does not extend to lawsuits initiated by the debtor); *In re Hall*, 304 F.3d 743, 746-47 (7th Cir. 2002) (same). Additionally, Defendant has not justified a discretionary stay "by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983). Therefore, Plaintiffs' motion is GRANTED.

The Court expresses no opinion on whether the partial summary judgment entered against Plaintiffs (Order, Feb. 1, 2013, ECF No. 35) when the Court was uninformed of Xanthe Neal's bankruptcy filing is voidable rather than void. The parties have not briefed this point, and it may arise at a later date. The Court is, however, troubled by Plaintiffs' lack of candor with both the district court and the bankruptcy court on the status of the two proceedings. In her bankruptcy filings, Xanthe Neal affirmatively stated to the bankruptcy court that this proceeding was closed,

when clearly it is not.  And she never informed the district court of her bankruptcy proceeding; that information came from Defendant, who happened upon the information in a PACER search.[1]  These factors would weigh heavily against Plaintiffs were they to argue that the Court's partial summary judgment is void.  Although Defendant's motion for sanctions, in the forms of attorney's fees and costs, may have merit if the partial summary judgment were declared void, that has not yet occurred, and unless and until that occurs, it is only speculation whether Plaintiffs should be sanctioned for unnecessary expenditure of resources by Defendant and by the Court.  Defendant's motion for sanctions, therefore, will be denied without prejudice.

It is hereby ORDERED:

1. Plaintiffs' motion to reopen the case (ECF No. 39) is GRANTED;

2. The Clerk shall REOPEN the case;

3. Defendant's motion for sanctions (ECF No. 40) is DENIED WITHOUT PREJUDICE;

4. The Clerk is requested to provide a copy of this order to the Honorable Nancy V. Alquist, presiding judge in Bankruptcy Petition 12-17529, *In re Neal*.

5. This matter is set in for a telephonic scheduling conference with counsel on Tuesday, **April 29, 2013, at 3:00 p.m.**  Plaintiffs' counsel is directed to arrange for and initiate the conference call to chambers.  The purpose of the conference will be to set the pretrial and trial schedule for the remaining claims by Plaintiffs against Defendant.

DATED this  11th  day of April, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[1] The Court notes that Plaintiffs' counsel in the instant proceeding, Jason Ostendorf, is not Xanthe Neal's counsel in the bankruptcy proceeding.  Mr. Ostendorf has stated to the Court that he was unaware of Ms. Neal's bankruptcy filing, and the Court has no reason to doubt that.

2